DAN SIEGEL, SBN 56400
EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
DanMSiegel@gmail.com
Emilyrose@siegelyee.com

Attorneys for Plaintiff
TIMOTHY MICHAEL RYAN

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MICHAEL RYAN, | Case No. 22-cv-00521 DMR |
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR DAMAGES** |
| vs. | **Jury Trial Demanded** |
| CITY OF OAKLAND, ROLAND HOLMGREN, and PATRICK GONZALES, | |
| Defendants. | |

Plaintiff TIMOTHY MICHAEL RYAN complains against defendants CITY OF OAKLAND, ROLAND HOLMGREN, and PATRICK GONZALES as follows:

**PRELIMINARY STATEMENT**

1. Following the murder of George Floyd on May 25, 2020, in Minneapolis, Minnesota, demonstrations against police violence erupted across the country. Beginning on May 29, 2020 and continuing for four nights, demonstrators gathered in the streets of Oakland to protest police violence. On May 29, May 30, May 31, and June 1, Oakland Police Officers and officers from Mutual Aid law enforcement agencies used excessive force including tear gas and "flash bang" grenades to suppress the public demonstrations.

2. On June 1, 2020, plaintiff TIMOTHY MICHAEL RYAN was in Oakland working as a journalist covering the protests against the murder of George Floyd on behalf of KCBS Radio. At approximately 7:40 p.m., RYAN was subjected to the unlawful use of tear gas and "flash bang" grenades by members of the Oakland Police Department, causing him to flee, fall, and sustain a fracture to his foot and torn ligaments in his ankle.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 (claims arising under the U.S. Constitution) and § 1343(a)(3) (claims brought to redress deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution), and 42 U.S.C. § 1983.

4. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) because the defendant CITY OF OAKLAND is located in the Northern District of California and § 1391(b)(2) because all of the acts and/or omissions complained of herein occurred within the Northern District of California.

## PARTIES

5. At all times relevant hereto, plaintiff TIMOTHY MICHAEL RYAN was a reporter for KCBS Radio and a resident of San Mateo County.

6. At all times relevant hereto, defendant CITY OF OAKLAND was a charter city, duly organized and existing under the constitution and laws of the State of California. Defendant CITY OF OAKLAND operates the Oakland Police Department and employs its officers.

7. At all times relevant hereto, defendant ROLAND HOLMGREN was employed as a police captain in the Oakland Police Department by defendant CITY OF OAKLAND and was acting under color of law within the course and scope of his employment.

8. At all times relevant hereto, defendant PATRICK GONZALES was employed as a police sergeant in the Oakland Police Department by defendant CITY OF OAKLAND and was acting under color of law within the course and scope of his employment.

## STATEMENT OF FACTS

9. Plaintiff RYAN attended the June 1, 2020, protest held in Oakland over the murder of George Floyd. This night was the fourth consecutive night of demonstrations in Oakland protesting police violence.

10. At all times relevant hereto, plaintiff RYAN was acting lawfully and peacefully in the course and scope of his employment as a reporter for KCBS Radio. Plaintiff RYAN was clearly identified as a working journalist, wearing a helmet with the word "PRESS" on it and his KCBS press identification attached to his belt and carrying a digital recorder.

11. On June 1, 2020, defendant HOLMGREN was serving as the Oakland Police Department's Incident Commander and had full authority over the tactics and weapons use of all Oakland police officers and all officers sent to Oakland by its mutual aid partners to police the protests occurring on that date.

12. The Incident Commander is an official of the Oakland Police Department who has been assigned authority over the Department's operations for a given event. During the George Floyd protests from May 29 - June 1, 2020, OPD assigned a high ranking official, either a chief or police captain, as Incident Commander for each day of the protests. The Incident Commander had ultimate authority for leading OPD's operations on that date, including the deployment of OPD personnel and the personnel of mutual aid departments, determination of police tactics and weapons, the instruction, briefing, and commands given to officers participating in the entire operation on a given night, and the prevention of police actions that would violate the rights of persons lawfully engaged in protest or those reporting on the protests. The Incident Commander puts together an operations plan and briefs the officers or the supervisors of the officers who are deployed on that date.

13. Defendant HOLMGREN was Incident Commander on May 29, 2020, May 31, 2020, and June 1, 2020, which made up three of the four nights of demonstrations against police violence. As Incident Commander, he was responsible for examining the uses of force and their justifications and writing an after action report for the Oakland Police Department chain of

command for each night. He witnessed or was briefed on the unlawful uses of force used to suppress the demonstrations on at least two nights immediately preceding June 1, 2020.

14. Oakland's crowd control policy directs that "the discharge of a chemical agent shall not be used in demonstrations or other crowd events without the approval of the Incident Commander." It allows for an exception, under exigent circumstances, where "a supervisor or commander [may] authorize the immediate use of chemical agents." On June 1, 2020, in dereliction of his duty as Incident Commander, defendant HOLMGREN preauthorized sergeants such as defendant GONZALES to direct the use of chemical agents, allowing them to do so even in the absence of exigent circumstances. Defendant GONZALES, in turn and in violation of the policy, preauthorized the officers that he was supervising to use chemical agents against demonstrators.

15. On June 1, 2020, defendant GONZALES was serving as the supervisor of the Oakland Police Department Tactical Operations ("Tango") Team that was authorized and equipped to utilize tear gas and other less-lethal weapons in support of the Oakland Police Department's crowd control activities on that date.

16. Defendant GONZALES is the Special Operations Tactical Sergeant and he conducted a significant portion of the training given to the Oakland Police Department Tango Team members present on June 1, 2020, and to all approximately 75 members of the Oakland Police Department Tango Team. The training purportedly includes how to comply with Oakland Police Department's crowd control policy—a policy that dictates when force may be used during a demonstration and the manner in which it must be used—and how to use force lawfully under those circumstances.

17. At approximately 7:40 p.m. on June 1, 2020, plaintiff RYAN was located at or near the corner of Broadway Street and Ninth Street in Oakland. He was standing on a raised entry way positioned above the crowd by approximately thirty-inches. Members of the Oakland Police Department, including defendant GONZALES, were present in and behind an officer-formed skirmish line across Broadway and knew that the crowd included people who were peacefully protesting and journalists lawfully reporting on the protests and police responses to the protests.

18. At that time and location, without warning, and without reasonable or lawful cause for doing so, officers employed by the Oakland Police Department and supervised by defendant GONZALES began indiscriminately deploying tear gas and tear gas grenades towards peaceful participants in the protests and journalists, including plaintiff RYAN.

19. Immediately prior to this deployment, defendant GONZALES reported into his body worn camera that there were no children and senior citizens in the crowd. On information and belief, his examination of the crowd revealed that plaintiff RYAN was perched above the crowd with PRESS prominently displayed on his clothing and head gear and carrying a digital recorder with a microphone bearing the KCBS all news radio logo.

20. The Oakland Police Department officers deploying tear gas and tear gas grenades failed to distinguish between people who were peacefully and lawfully protesting and journalists covering the protests, including plaintiff RYAN, and those allegedly engaged in violent and/or unlawful activity. Their actions were motivated by the intent to suppress protected speech and/or deliberate indifference to the police actions that interfered with protected speech, including that of plaintiff RYAN.

21. The actions of the Oakland Police Department officers who deployed tear gas and tear gas grenades were not justified by "exigent circumstances" and therefore were contrary to Oakland Police Department policy.

22. At all times relevant hereto, defendants HOLMGREN and GONZALES were engaged in the supervision of the Oakland Police Department employees engaged in the deployment of tear gas and tear gas grenades against people who were lawfully and peacefully exercising their First Amendment rights and against journalists who were duly engaged in their employment, including plaintiff RYAN.

23. Defendant HOLMGREN failed to prevent the improper and unlawful use of tear gas and tear gas grenades by subordinate police officers and failed to train and supervise said officers in the proper and lawful deployment of tear gas and tear gas grenades.

24. Defendant GONZALES set in motion the improper and unlawful use of tear gas and tear gas grenades by subordinate police officers by authorizing and encouraging that deployment

of tear gas and tear gas grenades, by failing to stop that deployment, and by failing to train and supervise said officers in the proper and lawful deployment of tear gas and tear gas grenades.

25. The deployment of tear gas caused plaintiff RYAN to experience difficulty breathing, a burning sensation in his eyes, nose, and throat, and feelings of panic.

26. The deployment of the tear gas forced plaintiff RYAN to leave the sidewalk where he was standing and to attempt to flee the tear gas by running away from it. As he was running away from the tear gas plaintiff RYAN tripped and fell and was injured, suffering a near full thickness tear his right anterior talofibular ligament; a partial tear of his right calcaneofibular ligament; and a non-displaced fracture of the fifth metatarsal bone of his right foot.

27. As a result of the injuries he suffered, plaintiff RYAN was required to have surgery and suffered temporary and permanent disability.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE RIGHTS OF PERSONS ENGAGED IN PROTECTED ACTIVITY IN VIOLATION OF THE FIRST AMENDMENT**
(By plaintiff RYAN against defendant GONZALES)
(42 U.S.C. § 1983)

28. Plaintiff incorporates by reference paragraphs 1 through 27 above as though fully set forth herein.

29. By virtue of the foregoing, plaintiff RYAN was engaged in constitutionally protected activity as a journalist when unknown police officers employed by defendant CITY OF OAKLAND and directed by defendant GONZALES indiscriminately deployed tear gas in his direction, causing his injuries as set forth above.

30. The tear gas attack by defendants on plaintiff RYAN was motivated by his status as a working journalist and by the officers' desires to suppress speech including that of plaintiff RYAN or was committed with reckless disregard of his status as a journalist and his peaceful and lawful presence at the protest on June 1, 2020.

31. The actions of defendant GONZALES chilled and interfered with plaintiff RYAN's constitutionally protected rights to report the news in violation of the First Amendment to the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT**
(By plaintiff RYAN against defendant GONZALES)
(42 U.S.C. § 1983)

32. Plaintiff incorporates by reference paragraphs 1 through 31 above as though fully set forth herein.

33. By virtue of the foregoing, defendant GONZALES acted under color of law when he caused plaintiff RYAN to be attacked with tear gas without lawful justification, depriving plaintiff of his right under the Fourth Amendment to the United States Constitution to be free of the unreasonable seizure of his person by use of excessive force.

**THIRD CLAIM FOR RELIEF**
**FAILURE TO INTERVENE**
(By plaintiff RYAN against defendant GONZALES)
(42 U.S.C. § 1983)

34. Plaintiff incorporates by reference paragraphs 1 through 33 above as though fully set forth herein.

35. By virtue of the foregoing, as a member of a law enforcement agency, defendant GONZALES has a duty to intervene in unlawful uses of force and to report such observations to his superiors.

36. Defendant GONZALES witnessed other Oakland police officers using unlawful and excessive force against plaintiff RYAN and others and failed to intervene to halt the officers' unlawful conduct and failed to report his own misconduct and the misconduct of other officers.

37. The actions and inactions of defendant GONZALES amounted to authorization of Oakland police officers' unlawful conduct, which caused plaintiff's injuries.

**FOURTH CLAIM FOR RELIEF**
**FAILURE TO TRAIN AND SUPERVISE**
(By plaintiff RYAN against defendant CITY OF OAKLAND)
(42 U.S.C. § 1983)

38. Plaintiff incorporates by reference paragraphs 1 through 37 above as though fully set forth herein.

39. Defendants CITY OF OAKLAND failed in its obligation to adequately train and supervise Oakland police officers to refrain from using tear gas and excessive force against

persons, including plaintiff RYAN, exercising their constitutional rights and subjecting such persons to excessive force.

40. By virtue of the foregoing, defendants CITY OF OAKLAND was deliberately indifferent to the obvious consequences of its failure to train, supervise and discipline Oakland police officers.

41. As a result of inadequate training policies, officers employed by the CITY OF OAKLAND deprived plaintiff TIM RYAN of his rights, as set forth above.

**FIFTH CLAIM FOR RELIEF**
**SUPERVISORY LIABILITY**
(By plaintiff RYAN against defendants HOLMGREN and GONZALES)
(42 U.S.C. § 1983)

42. Plaintiff incorporates by reference paragraphs 1 through 41 above as though fully set forth herein.

43. Defendants HOLMGREN and GONZALES personally participated in the series of events that resulted in plaintiff RYAN's constitutional, physical, and emotional injuries and failed in their obligation to adequately train and supervise Oakland police officers to refrain from using tear gas and excessive force against persons, including plaintiff RYAN, exercising their constitutional rights and subjecting such persons to excessive force.

44. By virtue of the foregoing, defendants HOLMGREN and GONZALES were deliberately indifferent to the obvious consequences of their failure to train, supervise and discipline Oakland police officers.

45. As a result of their actions and inactions plaintiff TIM RYAN was deprived of his rights and injured, as set forth above.

**DAMAGES**

46. As a result of the actions of defendants, plaintiff RYAN has been injured and has suffered damages as follows:

  a. He has been physically, mentally, emotionally, and financially injured and damaged as a proximate result of the wrongful actions of the public employees named above, and others;

   b. He has incurred costs for medical bills and related expenses; and

   c. He has been deprived of his right to pursue and advance his career as a journalist.

WHEREFORE, plaintiff RYAN requests that this Court grant him relief as follows:

(1) General damages, in an amount to be determined;

(2) Special damages, in an amount to be determined;

(3) Punitive damages, in an amount to be determined;

(4) Reasonable attorney's fees under 42 U.S.C. § 1988;

(5) Costs of suit; and

(6) Such other and further relief as the Court may deem proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff RYAN hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: July 14, 2022

          SIEGEL, YEE, BRUNNER & MEHTA

          By: */s/ Dan Siegel*
            Dan Siegel

          Attorneys for Plaintiff
          TIMOTHY MICHAEL RYAN